

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-1-2007

# USA v. Ratliff

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4550

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Ratliff" (2007). *2007 Decisions.* Paper 276.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/276

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4550
_____

UNITED STATES OF AMERICA

Appellee

v.

FREDERICK RATLIFF

Appellant

_____

On Appeal from United States District Court
for the Middle District of Pennsylvania
District Court No.: 05-cr-0463
District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2007

Before: SLOVITER, CHAGARES and HARDIMAN, *Circuit Judges*.

(Filed: November 1, 2007 )
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

A grand jury indicted Appellant Frederick Ratliff on two counts of sexual

exploitation of minors in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and 2252A(a)(5)(B).

In full satisfaction of the original charges, Ratliff signed a plea agreement and pleaded guilty to a superseding information charging him with receipt of obscene material in commerce through an interactive computer service, in violation of 18 U.S.C. § 1462, which carries a statutory maximum penalty of five years imprisonment.

The presentence investigation report (PSR) calculated Ratliff's adjusted Guidelines range at 121 to 151 months imprisonment, but Guideline § 5G1.1(a) provides for application of the statutory maximum, in this case 60 months, when it is lower. As part of his written objections to the PSR, Ratliff argued that he should receive a downward departure based on extraordinary post-offense rehabilitation, which we recognized as a permissible ground for departure in *United States v. Sally*, 116 F.3d 76, 80 (3d Cir. 1997). During the sentencing proceeding, Ratliff testified and called witnesses in support of his argument. After hearing the testimony, the District Court adopted the PSR without change, declined to depart downward from the advisory Guidelines sentence, and sentenced Ratliff to 60 months imprisonment.

Ratliff appeals his sentence on two grounds: the District Court (1) failed to "formally rule on" Ratliff's motion for a downward departure, *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (internal brackets omitted); and (2) failed to give "meaningful consideration to the [18 U.S.C.] § 3553(a) factors," *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We reject the first assignment of error because the District Court expressly acknowledged on the record that Ratliff was "asking that the Court would consider a downward departure or a variance . . . based on the defendant's extraordinary efforts at rehabilitation." The District Court went on to conclude that the "Guideline sentence is appropriate in this case" after listening to the testimony and argument of counsel. Although the exact words "I deny the defendant's motion to depart downward" would have made for a clearer record, our holding in *Gunter* does not require them. *See United States v. Jackson*, 467 F.3d 834, 839-40 (3d Cir. 2006) (inferring that departure motion was denied despite absence of explicit ruling to that effect); *see also United States v. Dragon*, 471 F.3d 501, 506 (3d Cir. 2006) ("we will not elevate form over substance"). Here, the District Court's imposition of the Guidelines sentence following its express recognition of its authority to depart therefrom is ample evidence that the District Court denied Ratliff's motion for downward departure.

We also reject Ratliff's second argument because the District Court provided a sufficient explanation for its sentence. In *Cooper*, we held that "[t]he court need not discuss every argument made by a litigant if an argument is clearly without merit." 437 F.3d at 329. Here, even assuming that it had any merit, the only argument Ratliff made to warrant a downward variance under § 3553(a) is that he engaged in exceptional post-offense rehabilitative efforts. In discussing this argument, the District Court stated: "I'm giving the defendant credit for acceptance of responsibility, although I have expressed some reservations about whether or not he's come clean with respect to how the images

3

came to be on his computer. I think he is legally entitled to that credit." Indeed, Ratliff received credit for acceptance of responsibility in the form of a three-level reduction from his adjusted offense level pursuant to Guidelines § 3E1.1. But the District Court declined to vary downward from the Guidelines sentence by stating: "There might be . . . a marginal acceptance of responsibility that would warrant the defendant getting that credit, but I think for me to even seriously consider what you're asking here, I need to be completely confident that the defendant has owned up to his behavior here." Therefore, in reaching its ultimate conclusion that the "Guideline sentence is appropriate in this case," the District Court gave meaningful consideration to the argument for downward variance advanced by Ratliff.

Moreover, even with respect to § 3553(a) factors under which Ratliff made no argument for downward variance, the District Court stated:

> I've considered the factors set forth in 3553(a), especially looking at the defendant's age, his health, his background, including his history of childhood abuse, his mental health, his rehabilitative efforts, the need for punishment, for rehabilitation, and for a sentence that would reflect the seriousness of his conduct and suggest some balance of all of the sentencing goals.

Although an ideal explanation by the District Court would tie each of these considerations to specific facts of record, the explanation given satisfies what the law requires. *See Cooper*, 437 F.3d at 329 ("[n]or must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing").

4

Ratliff does not argue that the District Court improperly calculated his adjusted Guidelines range (121 to 151 months) or ultimate Guidelines sentence (60 months), or that the sentence imposed was substantively unreasonable. Having concluded that Ratliff's arguments are without merit, we will affirm the judgment of the District Court.